# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST          )
FROM THE CZECH REPUBLIC          )
IN THE MATTER OF                 )    Misc. No. 08-
JAKES                            )

**GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from the Czech Republic. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Czech authorities who are investigating a case of alleged embezzlement.

EVIDENCE SOUGHT:

The Czech authorities seek information from the Delaware Secretary of State's Office and a company which resides in this District. Thus, the information the Czech authorities seek may be obtainable here. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

>   (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other

>thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

>Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in the Czech

Republic and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled *ex parte,* and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

                                               Respectfully submitted,

                                               COLM F. CONNOLLY
                                               United States Attorney

BY: _____
     David L. Hall
     Assistant U.S. Attorney
     1007 N. Orange Street
     Wilmington, DE   19801
     (302) 573-6277

Dated: 2 JUN 08

**Regional Prosecuting Attorney's Office**
**Mozartova 3**
**601 52 Brno**
**Czech Republic**
**Phone No.: 0420542427427**
**Fax No.: 420542215004**

Our File No.: 1 KZV 12/2004

Brno, 31 January 2008

To whom it may concern: the relevant judicial body in the United States of America

**Re:** defendants Ing. Jiří Jakeš, Ing. Igor Šimonovský and Ing. Petr Kopp – Request for Legal Assistance in a Criminal Matter
**Attachment:** documents (11 pages)

Dear Madam/Sir,

I am writing to you, with regard to the relevant provisions of Articles 1 and 4 of the Treaty between the Czech Republic and the United States of America on Mutual Assistance in Criminal Matters signed on 4 February 1998, with a request for legal assistance in a criminal matter investigated by the criminal law authorities of the Czech Republic and concerning the following defendants:

1)  **Ing. Jiří Jakeš**, born on ▮▮▮▮▮, a state citizen of the Czech Republic, with his permanent residence at ▮▮▮▮▮ Czech Republic;
2)  **Ing. Igor Šimkovský,** ▮▮▮▮▮, a state citizen of the Czech Republic, with his permanent residence at ▮▮▮▮▮
3)  **Ing. Petr Kopp,** ▮▮▮▮▮, a state citizen of the Czech Republic, with his permanent residence at ▮▮▮▮▮

For having committed the repeated criminal offence of a breach of duties when administering the property of another person ("breach of trust"), as defined in Sections 255(1) and (3) of the Criminal Code of the Czech Republic, in the form of co-offenders, as defined in Section 9(2) of the Criminal Code of the Czech Republic. They committed these offences on several individual occasions in their position as statutory representatives of Česká lidová družstevní záložna, a savings and loan institution, with its company registration No. 25549448, and with its registered office at Brno, Hlavní 131, as follows:

1) Between 22 December 1998 and 15 March 2001, they performed their activities in Brno and Prague; their activities consisted of signing agreements and disposing of the property of the Česká lidová družstevní záložna savings institution in a way conflicting with the Act No. 87/1995 Sb. on Savings Banks and Savings and Loan Institutions, mainly Section 1(6)b and Section 3(1)b of this act. This concerned the

transfer, on the basis of an Agreement on the Management of Financial Means concluded on 30 April 1999, of the total amount of CZK 18,212,653 from the Česká lidová družstevní záložna savings institution to the METALCO limited liability company in the period from 15 March 1999 to 6 October 1999. From this total sum, the amount of CZK 7,669,194.40 was not returned as of the date of the declaration of bankruptcy of the Česká lidová družstevní záložna savings institution on 15 March 2001. The defendants Ing. Jiří Jakeš and Ing. Igor Šimkovský, who were the only members in the METALCO limited liability company, transferred their business shares in this company to a third person, a Mr. Pavel Volec, who was holding several offices in various business companies at the time and was quite clearly a person unsuitable for such entrepreneurial activities. The defendant Ing. Petr Kopp likewise transferred his business share in the above-mentioned company to the co-defendant Ing. Igor Šimkovský.

2) On 1 November 1999 in Brno, the defendant Ing. Jiří Jakeš concluded, in his position as the agent of the METALCO limited liability company and as the lessor, an Agreement on the Lease of Non-Residential Premises No. 2/1999 with the Česká lidová družstevní záložna savings institution as the User, represented by the defendants Ing. Igor Šimkovský and Ing. Petr Kopp. The subject matter of the agreement was the lease of real estate in Brno-Komín, Hlavní 131, for the activities of the Česká lidová družstevní záložna savings institution. This agreement included the payment to the Lessor of a financial security for rent in the amount of CZK 4,500,000 on 6 October 1999, i.e. even prior to the signing of the agreement on the lease of non-residential premises, whereby the disposable balance of the Česká lidová družstevní záložna savings institution was decreased. This activity was in conflict with the above-cited Act on Savings Banks and Savings and Loan Institutions. As a result of such a contractual relation, the Lessor failed to return to the Česká lidová družstevní záložna savings institution, after the termination of the lease, the amount of CZK 4,399,154.61;

3) From 14 December 2000 until 15 March 2001, they removed from the registered property of the Česká lidová družstevní záložna savings institution various office equipment and furnishings, which had been obtained from 11 September 2000 until 20 November 2000 for the total sum of CZK 902,861.60, for the consideration of zero value; while the actual value of these tangible objects was, as of the day of their removal from the registered property, in the amount of CZK 468,164.

As a result of these acts, all of these defendants, who were supposed, on the basis of statutory provisions, to administer the entrusted property in their positions mentioned above, caused the overall damage to the Česká lidová družstevní záložna savings institution in the amount of CZK 12,536,513.

The above-mentioned facts were ascertained from the case files of the Police of the Czech Republic, Headquarters for the Region of South Moravia, the Division of Criminal Police and Investigations, Brno, Czech Republic, case files No. ČTS: PJM-272/OHK-21-2001.

On the basis of charges brought by the Municipal State Prosecuting Office in Brno, Czech Republic, on 3 November 2003, case file No. 4Zt 2341/2001, the High Court in Olomouc in the Czech Republic decreed, in its resolution of 2 March 2004, under the case file No. 1Ntd

6/2004, that the case falls within the jurisdiction of the Regional Court in Brno, the Czech Republic, and the said court should hear the said criminal case.

On the basis of the resolution No. 46T 4/2004 issued by the Regional Court of Brno on 19 December 2005, the above-mentioned criminal case was returned, in accordance with Section 188(1)e of the Criminal Code of the Czech Republic, to the state prosecutor of the Regional State Prosecuting Office in Brno, the Czech Republic, for further investigation. The reasoning for this decision said that there is a reasonable suspicion, arising from the evidence included in the case file, that the illegal acts of the defendants, as described above, may meet the elements of some other criminal offences specified in the Special Part of the Criminal Code of the Czech Republic, namely the offences of misuse of information in business activities ("insider trading"), as defined in Sections 128(2), (3), and (4) of the Criminal Code of the Czech Republic, and the offence of embezzlement, as defined in Section 248 of the Criminal Code of the Czech Republic.

The investigation has revealed facts which give reasonable grounds to believe that the defendant Ing. Jiří Jakeš and Igor Šimkovský bought, using the financial means of the Česká lidová družstevní záložna savings institution in the amount of CZK 9.5 million, real estate in Brno on Hlavní 131, into the ownership of the business company METALCO, a limited liability company. Subsequently, this real estate was, at the time of the declaration of bankruptcy of the Česká lidová družstevní záložna savings association, sold for the agreed purchase price of CZK 4.3 million to another business company – George Engineering, a joint stock company. However, the agent of the METALCO business company, a limited liability company, denies the take-over of any purchase price. The new owner of the said real estate subsequently sold it to the business company THOMAS REAL, a limited liability company, for the purchase price of CZK 10 million. In this case, the payment of the purchase price was supported by unequivocal evidence. Subsequently, the real estate was transferred into the disposal of business companies which are personally interconnected with the defendants Jiří Jakeš and Igor Šimkovský.

In order to clarify facts necessary for the said criminal proceedings, mainly in order to prove the existence of a financial loan in the amount of CZK 4.3 million allegedly borrowed by the purchaser, the business company George Engineering, a joint stock company, on 1 February 2001 in Prague, the Czech Republic, from the business company SERVUCOMP, INC., registration No. 167767, with its registered office at Hot Springs, Central Avenue 7148, AR 71913, Arkansas, USA, as well as the existence and the chronological sequence of the officers of the business company LENOX AMERICA, LLC., registration No. 33910-70, Willow Grove Road, Bldg. 2, DE 19934, County of Kent, Delaware, USA.

The provision of the Act No. 140/1961 Sb. – the Criminal Code of the Czech Republic, as subsequently amended – relevant for the above-mentioned criminal offences, which are subject to this criminal proceedings, are as follows:

### Section 9
### Offender, co-offender and accessory

(1) An offender is any person who commits an offence by himself or by herself.

(2) If an offence is committed by the joint behaviour of two or more persons, then each of them is liable as if he or she commits such an offence by himself or by herself (co-offenders).

## Section 255
### Breach of Duties in the Administration of the Property of Another ("Breach of Trust")

(1) Any person causing damage classified as "not small damage" by breaching a duty imposed on him or her by law or contract to administer the property of another person, shall be punished by a term of imprisonment of up to two years or a monetary penalty.
(2) Any offender shall be punished by a term of imprisonment ranging from six months to five years:
   a. Where the act specified in Subsection (1) above is committed by a person who is specially entrusted with a duty to protect the interests of the injured party; or
   b. Where significant damage is caused thereby.
(3) Any offender shall be punished by a term of imprisonment ranging from two years to eight years, where the damage caused is substantial.

## Section 255(a)

(1) Any person causing, due to wilful negligence (cf. Section 5(a)), significant damage to another person by breaching an important duty imposed on him or her by law or contract to administer the property of another person, shall be punished by a term of imprisonment of up to six months or by the prohibition of activities or by a monetary penalty.
(2) Any offender shall be punished by a term of imprisonment of up to three years:
   a. Where the act specified in Subsection (1) above is committed by a person who is specially entrusted with a duty to protect the interests of the injured party; or
   b. Where substantial damage is caused thereby.

## Section 128
### Misuse of Information in Business Relations ("Insider Trading")

(1)   Any person who, with the intention of obtaining an advantage or benefit for himself or some other person, misuses information hitherto not made public and obtained in connection with one's employment, occupation, position or office and the publication of which significantly affects the decision-making in business relations, and who implements or gives an incentive to implement an agreement or an operation on an organized market of securities or goods, shall be punished by a term of imprisonment of up to three years, or by the prohibition of activities, or by a monetary penalty.
(2)   The same punishment shall be issued to any person who, in his or her position as a member of a body, partner, entrepreneur or business partner of two and more businesses or organisations with the same or similar objects, concludes or gives

an incentive to conclude an agreement, with the intention specified in Subsection (1) above, to the detriment of one or more of them.

(3)  Any offender shall be punished by a term of imprisonment ranging from two years to eight years where he obtains significant benefit as a result of an act specified in Subsection (1) or (2) above for himself or some other person.

(4)  Any offender shall be punished by a term of imprisonment ranging from five years to twelve years where he obtains substantial benefit as a result of an act specified in Subsection (1) or (2) above for himself for some other person.

## Section 248
## Embezzlement

(1)  Any person who appropriates a thing belonging to another person that was entrusted to him, thereby causing 'not insignificant' damage to the property of another person, shall be punished by a term of imprisonment of up to two years or by the prohibition of activities or by a monetary penalty or by the forfeiture of a thing.

(2)  Any offender shall be punished by a term of imprisonment ranging from six months to three years, or by the prohibition of activities, or by a monetary penalty, where the act specified in Subsection (1) above causes 'not small' damage.

(3)  Any offender shall be punished by a term of imprisonment ranging from two years to eight years
   a. where the act specified in Subsection (1) above is caused by a person who is specially entrusted with a duty to protect the interests of the injured party; or
   b. where he commits the act as part of an organised group; or
   c. where 'significant' damage is caused as a result of such an act.

(4)  Any offender shall be punished by a term of imprisonment ranging from five years to twelve years where the damage caused as a result of an act described in Subsection (1) above is 'substantial'.

## Section 89
## Joint Provisions

(11) A "not insignificant damage" is deemed to be such damage which corresponds to at least the amount of CZK 5,000; a "not small damage" is deemed to be such damage which corresponds to at least CZK 25,000; a "big damage" is deemed to be such damage which corresponds to at least CZK 50,000; a "significant damage" is deemed to be such damage which corresponds to at least CZK 500,000; and "a substantial damage" is deemed to be such damage which corresponds to at least CZK 5,000,000.

These criteria shall be applied similarly for the determination of the amount of benefit, expenses of the removal of damage to the environment and value of a thing or some other property value.

## Section 67
## The Statutory Bar on Criminal Behaviour

(1) The criminal nature of an act expires after the passage of a period of the statutory bar, which equals:
   a. twenty years in the event of an offence for which the exceptional punishment may be given as specified in the Special Part of this law, and an offence committed when preparing or approving a privatization project under the Act No. 92/1991 Sb. on the Conditions of the Transfer of State Property to Third Persons, as subsequently amended;
   b. twelve years if the upper limit of the range of punishments is a term of imprisonment of at least ten years;
   c. five years if the upper limit of the range of punishments is a term of imprisonment of at least three years;
   d. three years in the event of other offences.
(2) The period of time of the statutory bar shall exclude:
   a. the time during which the offender could not be brought to court owing to a legal obstacle,
   b. the time during which the offender was abroad,
   c. the probationary period of a conditional discontinuation of criminal proceedings,
(3) The statutory bar of the execution of punishment is being discontinued if:
   a. the charges of the offence affected by the statutory bar are brought against the person, as well as subsequent steps are taken by police bodies, the state prosecutor or the court aiming to criminally prosecute the offender; or
   b. if the offender committed, during the period of time of the statutory bar, another offence for which this law specifies an equal punishment or a more serious punishment.
(4) The discontinuation of the statutory bar begins another period of time of the statutory bar.

## Section 67a
**The expiration of the period of time of the statutory bar does not extinguish the criminality of:**

   a. offences specified in Chapter X except for the crime under Section 261;
   b. the crimes of terror (Section 93), terrorist attack (Section 95), engendering the safety of the public (Section 179(2) and (3)), murder (Section 219), bodily harm (Section 221(2)b and (3) and (4), Section 222), false imprisonment (Section 231(4)), deprivation of personal liberty (Section 232), abduction to a foreign country (Section 233) and the forcible entry into a dwelling (Section 238(2), (3)), where such crimes are committed under such circumstances that they give rise to a war crime or a crime against humanity as specified by instruments of international law;
   c. the offence under Section 1 of the Act No. 165 Sb. of 20 December 1950 concerning the protection of peace;
   d. other criminal acts committed at a time between 25 February 1948 and 29 December 1989, whose bottom limit of the range of possible punishments of imprisonment is at least ten years and which, due to political reasons incompatible with the fundamental principles of the legal system of democratic

*original → translation*

countries, were not adjudicated in a final and conclusive way or dismissed, having been committed by public officials or in connection with the persecution of individuals or a group of people on account of political, racial or religious grounds.

Upon the motion filed by a police investigator of the Police of the Czech Republic, Headquarters for the Region of South Moravia, Division of Criminal Police and Investigations, office in Brno, the Czech Republic, under the criminal case files No. ČTS: PJM-272/OHK-21-2001, I therefore kindly request legal assistance from you in the given matter, in an attempt to obtain all information available. The request consists of performing an interrogation of the current (or the last known, as the case may be) statutory representative of the business company **SERVUCOMP, INC.**, registration No. 167767, with its registered office at Hot Springs, Central Avenue 7148, AR 71913, Arkansas, USA, in order to obtain all available information concerning the following questions:

1. In what field does the company do business(or did, in which case until when)? In what countries of the world?
2. Did the company ever have a branch or an office in the Czech Republic? If so, where was it located?
3. Did a certain Mr. Charles Black ever act on behalf of the company (no closer identification of this person has been obtained).
4. Is it possible that the company provided a financial loan in the amount of CZK 4.3 million (in cash) in the Czech Republic on 1 February 2001, to George Engineering, a joint stock company (identified above in the text)? If so, was this loan paid back and in what manner? If it was paid back, could you please obtain some accounting evidence/document?
5. If the identity of Mr. Charles Black is ascertained, could this person be please questioned as regards the existence of the said loan?

If the existence of the loan is confirmed, I would also like to kindly ask for the following questions to be answered:

6. Where was the office of the company in the Czech Republic? What partners did it do business with? Who acted with him on the provision of the said loan? In what form was the loan provided? Was the loan paid back? By whom and in what manner (in cash, which bank accounts)?

I also kindly request that the following person be interrogated: Ms. **Cynthia P. Fletcher**, the manager of Central Delaware Corporate Services, Inc., and asked to answer the following questions:

1. Did the above-mentioned institution register the following company on 8 May 2001: LENOX AMERICA LLC and assigned it the registration No. 33910-70.
2. If the company is registered, could she please provide any copies of documents indicating what persons or companies founded the said company, what their property interests (capital participation) are and what persons acted in the name of the company during the subsequent period of time.
3. In the event that no documents can be provided, could please the information stated as regards question No. 2 above, be stated orally and noted in the protocol.

    4. Can she specify the relation between LENOX AMERICA LLC and EURO INVEST ALLIANCE LLC, 1308 Delaware Avenue, Wilmington, NEW CASTLE, 19806 DE and state whether her institution has a copy of any of the documents attached to this request.

For the sake of completeness, let me inform you that Interpol Prague, the Czech Republic, in reply to our original request, stated that any requests for legal assistance should be addressed to:

    Director
    Office of International Affairs
    Criminal Division
    U.S. Department of Justice
    P.O.Box 27330
    Washington, DC 20038-7330

In the event that this legal assistance is carried out by means of an interrogation of witnesses in harmony with the procedural provisions of the Criminal Code of the Czech Republic, annexed hereto, could you please inform the defendants' defence counsels: Mgr. Pavel Švesták, Advokátní kancelář JUDr. Sedláček & Švesták, Starobranská 4, 787 01 Šumperk, Czech Republic, and Mgr. Václav Kotek, Advokátní kancelář, Jeřábkova 5, 602 00 Brno, Czech Republic. Since the defendants' defence counsels are entitled to be personally present at such a legal act, within the scope of the rights and obligations specified in Section 41 of the Criminal Code of the Czech Republic and quoted below, they need to be informed of such interrogation sufficiently in advance.

## Section 41
## Rights and Duties of Defence Counsel

(1) The defence counsel shall provide the defendant with the necessary legal assistance, purposefully use the statutory means and kinds of defence to defend the defendant's interests, mainly taking care that all facts which remove or alleviate the guilt of the defendant are duly and in time presented during the proceedings, and thereby contributing to a proper clarification and resolution of the matter.

(2) The defence counsel may, on behalf of the defendant and as early as the preliminary proceedings, make motions, files petitions and request remedies, inspect files (Section 65) and be present, under the provisions of this Act, at acts taken during the investigation. He may communicate with a defendant placed in custody within the limits specified in Section 33(1).

(3) The defence counsel may, during the court trial, be present at all acts which may be attended by the defendant.

(4) If the defendant is deprived of his legal capacity or if his legal capacity to act is limited, then the defence counsel may carry out the rights stated in subsections 2 and 3 above also against the will of the defendant.

(5) If the authorisation of the defence counsel is not, during his appointment or selection, delimited in some other way, then it terminates upon the termination of the criminal

*original → translation*

proceedings. Even if the authorisation terminates in this way, the defence counsel may still request an appeal and attend the appellate review proceedings at the Supreme Court and file petitions for clemency and a postponement of the commencement of the service of one's punishment.

(6) The defence counsel may, at any stage of the criminal proceedings, request in advance copies of the protocol (Section 55) on any step in the criminal proceedings. The criminal prosecuting authorities (Section 12, subsection 1) are obliged to meet this request; they may refuse it only if it is not technically possible. He is obliged to reimburse the state for the related costs.

I would appreciate if you could, after attending to this request, send the requested documentary evidence to the address of the Regional State Prosecuting Attorney's Office – Krajské státní zastupitelství, Mozartova 3, 601 52 Brno, Czech Republic, file No. 1 KZV 12/2004, via the International Section of the Supreme State Prosecuting Attorney's Office – Nejvyšší státní zastupitelství, Mezinárodní odbor, Jezuitská 4, 660 55 Brno, Czech Republic.

Thank you very much beforehand for seeing to this application for legal assistance.

Yours faithfully,

                                           **JUDr. Dalimila Bajerová**
                                           state prosecuting attorney
                                           **of the Regional State Prosecuting**
                                           **Attorney's Office in Brno**
                                           *[signature:]* Bajerová

*original → translation*

---

## TRANSLATOR'S CLAUSE

As an interpreter of English, appointed by the decree of the Regional Court of Justice in Brno on May 25, 1998, Ref. No. Spr 2950/97, I hereby certify that the translation agrees verbatim with the text of the attached document.

No changes have been made in the translation.

The translation has been entered under No. 647 in the Interpreter's Register.

In Brno on 14 February 2008

Mgr. Jan Chovanec, Ph.D.
Sworn Interpreter

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

IN RE LETTER OF REQUEST            )
FROM THE CZECH REPUBLIC            )
IN THE MATTER OF                   )       Misc No. 08-
JAKES                              )
                          ORDER

      Upon application of the United States of America; and upon examination of a letter of request from the Czech Republic whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in the Czech Republic and the Court being fully informed in the premises, it is hereby

      **ORDERED**, pursuant to Title 28, United States Code, Section 1782, that David L. Hall, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from Czech authorities as follows:

      1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

      2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

      3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in the Czech Republic, which procedures may be specified in the request or provided by the Czech authorities;

      4. seek such further orders of this Court as may be necessary to execute this request; and

      5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Czech authorities.

      IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

      Dated: This _____ day of _____, 2008.

                                       _____
                                       United States District Court Judge